IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31662-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TRAVIS J. PATTEN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — A jury found Travis J. Patten guilty of second degree assault. Mr. Patten appeals his conviction, alleging that the trial court erred in admitting evidence of bad acts prior to and following the alleged assault. Although bad acts are inadmissible to show that the defendant acted in conformity therewith, bad acts are admissible for other purposes. We hold that the trial court did not abuse its discretion when it determined that bad acts prior to and following the alleged assault were admissible so that the jurors could better understand the issues that likely would be contested at trial. We, therefore, affirm.

FACTS

Aaron Hall observed a woman take items from his parked car and get into a white vehicle driven by a second person. Mr. Hall and his fiancée, Cathreen Adams, attempted to follow the white vehicle and eventually found it in a nearby parking lot. Mr. Hall recognized the woman, later identified as Kaylee Zornes, sitting in the front seat as the one who had broken into his car. Mr. Hall then observed a man, later identified as Mr. Patten, come around the car and get into the backseat.

Ms. Adams parked her car directly behind the white vehicle. Mr. Hall jumped out of the car, walked up to the back window of the white vehicle, and said to Mr. Patten, "[Y]ou just broke into my car." Report of Proceedings (RP) at 52. Mr. Hall then saw his stereo on the back seat. When he attempted to reach in the vehicle and grab the stereo, Mr. Patten grabbed a knife and stabbed at Mr. Hall's hands. Mr. Hall jumped back, grabbed the window, and broke it. Ms. Zornes then backed into Mr. Hall's car several times, maneuvered the white vehicle out of the parking lot, and drove away with a flat back tire.

Witnesses testified to seeing a white car with a flat back tire being driven erratically, a person throwing stereos out of this car, and this same car being hidden inside a garage. The garage was rented to Ms. Zornes' brother-in-law, Dustin Clark. One

2

witness contacted the police and relayed what he had seen. The police obtained a search warrant for the garage and the white vehicle. They seized a knife found on the front passenger seat of the vehicle.

The State charged Mr. Patten with second degree assault. The State also charged Ms. Zornes with first degree robbery and second degree assault, to which she later pleaded guilty.

Before Mr. Patten's trial, the State filed and argued a motion seeking to admit evidence involving, "[a]pproximately 30 minutes . . . between when Mr. Hall and Ms. Adams first saw an unknown woman stealing items from their vehicle parked outside their home, to Ms. Zornes and Mr. Patten showing up at Mr. Clark's residence asking if they could park their [white vehicle] in his garage because someone was chasing them." Clerk's Papers (CP) at 15-16. The State argued such evidence was necessary, "so [the jury] may have a complete description of the crime charged and proof of history of the crime charged as discussed in *Tharp*.[1] The entire string of events is relevant." CP at 16. The court allowed the proffered evidence to show opportunity, intent, plan, identity, and flight. The court stated it would entertain objections to the admission of the evidence at

---

[1] *State v. Tharp*, 27 Wn. App. 198, 204, 616 P.2d 693 (1980), *aff'd*, 96 Wn.2d 591, 637 P.2d 961 (1981).

3

trial if it differed from the evidence presented in the State's motion in limine.

The jury found Mr. Patten guilty of second degree assault while armed with a deadly weapon. He appealed.

## ANALYSIS

*Admission of Bad Acts.* The first issue is whether evidentiary error deprived Mr. Patten of a fair trial. He contends the trial court wrongly granted the State's motion, allowing ER 404(b) evidence of approximately 30 minutes between when Mr. Hall and Ms. Adams first saw Ms. Zornes stealing items from Mr. Hall's vehicle to the time Ms. Zornes and Mr. Patten showed up at Mr. Clark's garage. Mr. Patten argues the court did not provide a sufficient basis for allowing the evidence.

This court reviews ER 404(b) evidentiary rulings for an abuse of discretion. *State v. Yarbrough*, 151 Wn. App. 66, 81, 210 P.3d 1029 (2009). A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007). A trial court abuses its discretion when it relies on unsupported facts, takes a view that no reasonable person would take, applies an incorrect legal standard, or bases its ruling on an erroneous legal view. *Id.* at 284.

Mr. Patten argues that because the State did not charge him with robbery, like Ms.

4

Zornes, evidence relating to the robbery should have been excluded under ER 404(b).

ER 404(b) provides, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

When a party seeks to admit evidence of prior misconduct, "'the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect.'" *State v. Gresham*, 173 Wn.2d 405, 421, 269 P.3d 207 (2012) (quoting *State v. Vy Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)).

The trial court in Mr. Patten's case allowed the evidence in question to show "motive, flight, intent, plan and identity." RP at 33. The court further reasoned, "I do have and have read the case that does talk about a defendant committing different crimes are inadmissible to show bad character, but when it is involved in the entire planning, preparation, identity and absence of mistake and give the jury an entire idea, the Court is going to allow that scenario of how it went down." RP at 34. Finally, the court

5

concluded, "So at this time, all of those would be included in there under [ER] 404(b) not to show proof of character or bad character, but opportunity, intent, plan, identity and flight would all be included in that." RP at 34.

"[O]ur courts have previously recognized a 'res gestae' or 'same transaction' exception, in which 'evidence of other crimes is admissible "[t]o complete the story of the crime on trial by proving its immediate context of happenings near in time and place."'" *State v. Lane*, 125 Wn.2d 825, 831, 889 P.2d 929 (1995) (second alteration in original) (quoting *State v. Tharp*, 27 Wn. App. 198, 204, 616 P.2d 693 (1980), *aff'd*, 96 Wn.2d 591, 637 P.2d 961 (1981)). Here, the evidence was part of the res gestae of the offense and the trial court conducted the proper analysis in determining its admissibility: There was no question but that the person who committed the assault was present during the initial theft through the time when the vehicle was parked in the garage. The initial theft was relevant on the issue of whether the person who committed the assault knew that the items belonged to the driver or whether they were stolen. This evidence prevented Mr. Patten from arguing that his use of the knife was due to a mistaken belief that he was protecting Ms. Zornes' property. The evidence of flight and throwing stereos out of the white vehicle is likewise relevant to show absence of mistake. The evidence of the white vehicle with a flat back tire driving erratically and hiding in Mr. Clark's garage is relevant

6

to identity, i.e., whether the white vehicle associated with the parking lot assault was the same white vehicle that later was located and searched in the garage. The court correctly admitted the evidence under the res gestae or context exception previously discussed. The court impliedly found that the probative value outweighed the prejudicial effect. While the court did not expressly address probative value and prejudicial effect, this is not reversible error if the record shows the trial court adopted a party's arguments. *State v. Asaeli*, 150 Wn. App. 543, 576 n.34, 208 P.3d 1136 (2009).

ER 404(b) is not designed "'to deprive the State of relevant evidence necessary to establish an essential element of its case.'" *State v. Foxhoven*, 161 Wn.2d 168, 175, 163 P.3d 786 (2007) (quoting *State v. Lough*, 125 Wn.2d 847, 859, 889 P.2d 487 (1995)). Nor is ER 404(b) designed to deprive the State of relevant evidence necessary to refute a defense to a crime. Given all, the trial court did not abuse its discretion by admitting evidence of the events leading up to and directly after the assault.

*Ineffective Assistance of Counsel.* The next issue is whether Mr. Patten was denied effective assistance of counsel. He contends defense counsel failed to object to "a [large] quantity of inadmissible evidence." Br. of Appellant at 23.

To prove ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him.

*Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant alleging ineffective assistance must overcome "'a strong presumption that counsel's performance was reasonable.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). If counsel's conduct "'can be characterized as legitimate trial strategy or tactics, performance is not deficient.'" *Grier*, 171 Wn.2d at 33 (quoting *Kyllo*, 166 Wn.2d at 863). To show prejudice, the defendant must establish "'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" *Grier*, 171 Wn.2d at 34 (quoting *Kyllo*, 166 Wn.2d at 862). A defendant's failure to prove either prong ends our inquiry. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996). Mr. Patten fails to meet his burden here.

Mr. Patten makes wide-sweeping arguments about defense counsel's failure to object to evidence, but does not provide the necessary specificity to review his argument. Such threadbare allegations do not meet the *Strickland* standard to establish ineffective assistance of counsel. If the alleged failures to object concern the properly admitted context evidence described above, Mr. Patten's argument fails. Nevertheless, because the overwhelming evidence supports the jury's finding that Mr. Patten committed second degree assault, he cannot establish the prejudice prong of the *Strickland* test. Thus, in

8

No. 31662-9-III
*State v. Patten*

either case, Mr. Patten's ineffective assistance of counsel claim fails.

We affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____   _____
Siddoway, C.J.                       Fearing, J.

9